SHORT RECORD
NO. 24-1028
FILED 1/8/24

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA JOHNSON AND GALE MILLER ANDERSON, on Behalf of Themselves and on Behalf of All Others Similarly Situated,<br><br>*Plaintiffs,*<br><br>V.<br><br>AMAZON.COM SERVICES, LLC,<br><br>*Defendant.* | Case No.: 1:23-CV-00685<br><br>Honorable Judge Thomas M. Durkin |

## NOTICE OF APPEAL

Plaintiffs Lisa Johnson and Gale Miller Anderson, through their attorneys, hereby give notice of their appeal to the United States Court of Appeals for the Seventh Circuit, pursuant to 28 U.S.C. § 1291, from the final judgment order entered in this action on January 4, 2024 (ECF No. 36). Plaintiffs also appeal the memorandum opinion and order entered in this action on December 7, 2023 (ECF No. 33).

Dated: January 5, 2024

Respectfully submitted,

*s/ Maureen A. Salas*
One of the Attorneys for Plaintiffs

Douglas M. Werman- dwerman@flsalaw.com
Maureen A. Salas – msalas@flsalaw.com
**WERMAN SALAS P.C.**
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
Tel: (312) 419-1008

Don J. Foty- dfoty@hftrialfirm.com
**HODGES & FOTY, LLP**
Bar No. 24050022
2 Greenway Plaza, Suite 250
Houston, Texas 77046
Tel: (713) 523-0001

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **LISA JOHNSON AND GALE MILLER ANDERSON, on Behalf of Themselves and on Behalf of All Others Similarly Situated,** ) ) ) ) | |
| *Plaintiffs,* ) | Case No.: 1:23-CV-00685 |
| ) | |
| V. ) | Honorable Judge Thomas M. Durkin |
| ) | |
| **AMAZON.COM SERVICES, LLC,** ) | |
| ) | |
| *Defendant.* ) | |

**CIRCUIT RULE 3(c) DOCKETING STATEMENT**

Pursuant to Circuit Rules 3(c)(1) and 28(a) of the United States Court of Appeals for the Seventh Circuit, Plaintiffs Lisa Johnson and Gale Miller Anderon, by their counsel hereby provide the following Docketing Statement as an accompaniment to their Notice of Appeal filed concurrently with this Statement.

**I.    District Court Jurisdiction**

The District Court had jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because Defendant removed this action from the Circuit Court of Cook County, Illinois pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453(b).

**II.    Appellate Court Jurisdiction**

The United States Court of Appeals for the Seventh Circuit has jurisdiction over this case pursuant to 28 U.S.C. § 1291. The District Court granted the Defendant's Motion to Dismiss and dismissed all claims Plaintiffs brought against Defendant on December 7, 2023. The District Court entered a final judgment order for Defendant and against Plaintiffs on January 4, 2024. Plaintiffs filed a timely Notice of Appeal on January 5, 2024.

1

**III.**     **Prior Appellate Proceedings**

None.

**IV.**     **Counsel of Record on Appeal**

Counsel of Record for the Plaintiffs before the United States Court of Appeals for the Seventh Circuit Court will be:

Maureen A. Salas
Werman Salas P.C.
77 W. Washington Street, Suite 1402
Chicago, IL 60602
(312) 419-1008
msalas@flsalaw.com

Dated:   January 5, 2024                         Respectfully submitted,

                                                  *s/ Maureen A. Salas*
                                                  One of the Attorneys for Plaintiffs

Douglas M. Werman- dwerman@flsalaw.com
Maureen A. Salas – msalas@flsalaw.com
**WERMAN SALAS P.C.**
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
Tel: (312) 419-1008

Don J. Foty- dfoty@hftrialfirm.com
**HODGES & FOTY, LLP**
Bar No. 24050022
2 Greenway Plaza, Suite 250
Houston, Texas 77046
Tel: (713) 523-0001

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA JOHNSON and GALE MILLER ANDERSON, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>Defendant. | No. 23 C 685<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs allege that Amazon failed to pay them for time spent being screened for COVID, in violation of: the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment Collection Act. Amazon has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. That motion is granted.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual

allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

## Background

Plaintiffs worked at an Amazon warehouse in Chicago. Their "job duties included moving boxes, stacking packages, and loading boxes." With the COVID outbreak, Amazon began requiring employees "to undergo a temperature check and to answer questions about [their] health. If the employee passed the examination, he/she was then given a mask to wear." This process took "approximately" 10-15 minutes.

Plaintiffs allege that the "COVID-19 screenings were . . . necessary to the principal work performed by Plaintiffs and the Class Members and were necessary to ensure a safe workplace." They also allege that "Amazon required Plaintiffs and the Class Members to undergo this screening for the purposes of overall safety in the Amazon facilities and to prevent Plaintiffs and the Class Members from inadvertently

2

and unintentionally infecting the Amazon facilities or Amazon products, and in turn, Amazon's customers."

## Analysis

I.      **Fair Labor Standards Act ("FLSA")**

The FLSA's minimum wage and overtime compensation requirements do not apply to "activities which are preliminary to or postliminary to" the "principal activity or activities which [the] employee is employed to perform." 29 U.S.C. § 254(a). "The Supreme Court consistently has interpreted 'principal activity' to include all activities which are 'integral and indispensable' to the principal activity." *Chagoya v. City of Chicago*, 992 F.3d 607, 618 (7th Cir. 2021) (quoting *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 33 (2014)). The Supreme Court has also held that an activity is "integral and indispensable to the principal activities that an employee is employed to perform if it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities." *Busk*, 574 U.S. at 33.

Supreme Court precedent provides examples. For instance, the time meat-packers spend sharpening their knives is "integral and indispensable." *See Busk*, 574 U.S. at 518 (citing *Mitchell v. King Packing Co.,* 350 U.S. 260, 262 (1956)). So is changing clothes and showering for workers dealing with toxic materials. *See Busk*, 574 U.S. at 518 (citing *Steiner v. Mitchell,* 350 U.S. 247, 252-53 (1956)). However, the time spent by meat-processing plant workers *waiting* for the opportunity to dress in protective gear was not compensable because it was "two steps removed from the

3

productive activity on the assembly line." *See Busk*, 574 U.S. at 518 (quoting *IBP, Inc. v. Alvarez*, 546 U.S. 21, 42 (2005)). Furthermore, the time warehouse workers spent "undergoing post-shift security screenings," i.e., to check whether they were stealing, was not part of their principal activity "to retrieve products from warehouse shelves and package those products for shipment." *See Busk*, 574 U.S. at 518. Neither was a pre-shift search of employees in a "rocket-powder plant" when they were searched "for matches, spark producing devices such as cigarette lighters, and other items which have a direct bearing on the safety of the employees." *See Busk*, 574 U.S. at 519 (citing with approval Department of Labor guidance).

Here, there is no dispute that Plaintiffs' "principal activities" are "moving boxes, stacking packages, and loading boxes." A COVID screening is neither integral nor indispensable to that work. It is not indispensable like sharpening a meat-packers knife or putting on the protective clothing for work with toxic materials. And the screening is not integral to the functioning of the warehouse generally.

COVID screenings are much more like the security screenings for theft or safety. Those screenings are concerned with aspects of society generally, i.e., the temptation to steal and possession of devices which might create sparks. The screenings enabled to the businesses to function more efficiently or safely, but they are not necessary for the business to function on any given day.

Plaintiffs argue that COVID screenings were necessary to protect the workers in the warehouse and prevent the potential infection of customers through packages. Perhaps these are legitimate reasons for Amazon to impose the screenings on its

4

employees. But this kind of protection for workers and customers is not necessary for the workers to do their jobs in the warehouse. Because the screenings are not necessary for the warehouse to function, the screenings are not integral or indispensable, and the FLSA does not require compensation for the time spent on COVID screenings.

Plaintiffs cite one district court case which held that the FSLA required compensation for COVID screenings at an Amazon warehouse. *See Boone v. Amazon.com Servs., LLC*, 562 F. Supp. 3d 1103 (E.D. Cal. Mar. 11, 2022). In *Boone*, the court found that the plaintiffs had plausibly alleged that "the screenings prevent the COVID-19 virus from spreading throughout defendant's fulfillment centers and infecting employees and products," and that "foregoing [the screenings] would substantially impair the workplace safety at the fulfillment centers." *Id.* at 1120-21. Even assuming the plaintiffs in *Boone* and the Plaintiffs here have plausibly alleged that COVID is a material risk to the operations of an Amazon warehouse, it is not a risk that is integral to warehouse work. COVID and other health issues are a risk of life in general that must be accounted for in all human activities. There is nothing special about COVID that makes it of particular concern for an Amazon warehouse because of the work performed there, as opposed to any other workplace where many people come into contact with each other.[1]

---

[1] Additionally, it appears that the court in *Boone* allowed outdated case law to influence its application of the *Busk* standard. This is an additional reason *Boone* does not persuade this Court.

Therefore, the FLSA does not require compensation for the COVID screening time Plaintiffs allege and their FLSA claim must be dismissed.

## II. Illinois Minimum Wage Law ("IMWL")

"Illinois courts frequently say that they look to the Fair Labor Standards Act for guidance in interpreting the state's minimum wage law." *Mitchell v. JCG Indust., Inc.*, 745 F.3d 837, 845 (7th Cir. 2014). The Seventh Circuit has applied *Busk's* "integral and indispensable" standard to claims under the IMWL. *See Chagoya*, 992 F.3d at 615 n.21 ("Because the IMWL parallels the language of the FLSA, the parties agree that the same standard applies to the operators' claims under the FLSA and the IMWL. Accordingly, we analyze the FLSA and IMWL claims together."). Courts in this District that dismiss FLSA claims under the "integral and indispensable" standard also dismiss IMWL claims. *See Bartlett v. City of Chicago*, 2019 WL 4823532, at *4 (N.D. Ill. Oct. 1, 2019) (analyzing "FLSA and IMWL claims together" because both statutes use the federal definition of work, as modified by the Portal-to-Portal rule, to determine whether pre- or post-shift activities require wages); *Meadows v. NCR Corp.*, 2017 WL 5192009, at *4-8 (N.D. Ill. Nov. 9, 2017) (same); *Pizano v. Big Top & Party Rentals, LLC*, 2017 WL 1344526, at *1-3 & n.1 (N.D. Ill. Apr. 12, 2017) (same); *Guzman v. Laredo Sys., Inc.*, 2012 WL 5197792, at *5 (N.D. Ill. Oct. 19, 2012) (same); *Rix v. UPS*, 2007 WL 9813347, at *4 (N.D. Ill. Apr. 24, 2007) (same); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, 2004 WL 1882449, at *3-4 (N.D. Ill. Aug. 18, 2004) (same); *O'Brien v. Encotech Constr.*, 2004 WL 609798, at *4-7 (N.D. Ill. Mar. 23, 2004) (same).

Plaintiffs' only argument to the contrary is based on a dissenting opinion to the Seventh Circuit's decision in *Mitchell* applying federal FLSA standard to Illinois Minimum Wage Law claims. This Court follows the majority and dismisses Plaintiffs' Illinois Minimum Wage Law claim.

### III. Illinois Wage Payment Collection Act ("IWPCA")

The IWPCA allows for a cause of action to recover "any compensation owed an employee by an employer pursuant to an employment contract or agreement." 820 ILCS 115/2. Plaintiffs allege and argue that "Amazon agreed to pay Plaintiffs an hourly rate of pay for the time they worked at Amazon's facility." R. 25 at 24. But as just discussed, Amazon disputes whether the time spent on COVID screening is "work." Plaintiffs do not allege that Amazon ever agreed that the COVID screening would constitute compensable work. Without a plausible allegation of such an agreement, Plaintiffs' IWPCA claim fails.

### IV. Quantum Meruit

To state a claim for quantum meruit, Plaintiffs must allege that that they spent time on the COVID screening for Amazon's benefit and that Amazon unjustly retained this benefit. *See Bernstein & Grazian, P.C. v. Grazian & Volpe, P.C.*, 931 N.E.2d 810, 825-26 (Ill. App. Ct. 1st Dist. 2010). As discussed, the COVID screening conferred a benefit not just on Amazon, but on Plaintiffs, their co-workers, and society as a whole, because it—according to Plaintiffs' own allegations—helped mitigate a global pandemic. Further, Plaintiffs' allegation of unjust or improper conduct "rests on the same improper conduct" alleged to violate the federal and state statutes.

7

Because the benefit was not Amazon's alone, and because the alleged unjust conduct is premised on statutes which the Court has held do not prohibit the conduct, Plaintiffs' quantum meruit claims must fall with those claims. *See Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011).

## Conclusion

Therefore, Amazon's motion to dismiss [21] is granted. Plaintiffs' claims are dismissed without prejudice to filing an amended complaint by 1/11/2024. If Plaintiffs fail to file an amended complaint by 1/11/2024, the dismissal with be with prejudice. If Plaintiffs decided not to file an amended complaint, they should inform the Court by email to the Courtroom Deputy as soon as possible so judgment can be entered and the case closed.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated:  December 7, 2023

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF ILLINOIS

Lisa Johnson,

Plaintiff(s),

v.

Amazon.Com Services, LLC,

Defendant(s).

Case No. 1:23-cv-00685
Judge Thomas M. Durkin

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐ in favor of plaintiff(s)
and against defendant(s)
in the amount of $          ,

which ☐ includes        pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

☒ in favor of defendant(s) Amazon.Com Services, LLC
and against plaintiff(s) Lisa Johnson, Gale Miller Anderson
.

Defendant(s) shall recover costs from plaintiff(s).

☐ other:

This action was *(check one)*:

☐ tried by a jury with Judge     presiding, and the jury has rendered a verdict.
☐ tried by Judge     without a jury and the above decision was reached.
☒ decided by Judge Thomas M. Durkin on a motion to dismiss.

Date: 1/4/2024

Thomas G. Bruton, Clerk of Court

E. Wall, Deputy Clerk

APPEAL,CUMMINGS,TERMED

# United States District Court
# Northern District of Illinois - CM/ECF NextGen 1.7.1.1 (Chicago)
# CIVIL DOCKET FOR CASE #: 1:23-cv-00685
# Internal Use Only

| | |
|---|---|
| Johnson v. Amazon.Com Services, LLC. | Date Filed: 02/03/2023 |
| Assigned to: Honorable Thomas M. Durkin | Date Terminated: 01/04/2024 |
| Case in other court: Circuit Court of Cook County, 2022-ch-12303 | Jury Demand: Both |
| | Nature of Suit: 790 Labor: Other |
| Cause: 28:1332 Diversity-Petition for Removal | Jurisdiction: Diversity |

**Plaintiff**

**Lisa Johnson**     represented by     **Don J. Foty**
Hodges & Foty, LLP
2 Greenway Plaza
Suite 250
Houston, TX 77046
713-523-0001
Email: dfoty@hftrialfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas M. Werman**
Werman Salas P.C.
77 West Washington
Suite 1402
Chicago, IL 60602
(312)419-1008
Email: dwerman@flsalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maureen Ann Salas**
Werman Salas P.C.
77 W. Washington
Suite 1402
Chicago, IL 60602
(312) 419-1008
Email: msalas@flsalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gale Miller Anderson**     represented by     **Don J. Foty**
*on Behalf of Themselves and on Behalf of*     (See above for address)
*All Others Similarly Situated*     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Amazon.Com Services, LLC.** | represented by | **Sari M. Alamuddin**<br>Morgan, Lewis & Bockius LLP<br>110 N. Wacker Dr.<br>Suite 2800<br>Chicago, IL 60606<br>(312) 324- 1158<br>Email: sari.alamuddin@morganlewis.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Alexandra Giselle Belzley**<br>Morgan, Lewis & Bockius Llp<br>110 N. Wacker Drive<br>Suite 2800<br>Chicago, IL 60606-1511<br>(312) 324-1714<br>Email: alexandra.belzley@morganlewis.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Kevin Francis Gaffney**<br>Morgan, Lewis & Bockius LLP<br>110 N. Wacker Drive<br>Suite 2800<br>Chicago, IL 60606<br>(312)324-1000<br>Email: kgaffney@morganlewis.com<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 02/03/2023 | 1 | NOTICE of Removal from Circuit Court of Cook County, case number (2022ch12303) filed by Amazon.Com Services, LLC. Filing fee $ 402, receipt number AILNDC-20316520. (Attachments: # 1 Exhibit A - Complaint, # 2 Exhibit B - Anderson Complaint, # 3 Exhibit C - Summons and Affidavit of Service, # 4 Exhibit D - Motion for Leave, # 5 Exhibit E - Agreed Order, # 6 Exhibit F - Amended Complaint, # 7 Exhibit G - Cook County Circuit Court Docket, # 8 Exhibit H - Hoffman Declaration, # 9 Exhibit I - Woods Declaration)(Gaffney, Kevin) (Entered: 02/03/2023) |
| 02/03/2023 | 2 | CIVIL Cover Sheet (Gaffney, Kevin) (Entered: 02/03/2023) |
| 02/03/2023 | 3 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Amazon.Com Services, LLC. (Gaffney, Kevin) (Entered: 02/03/2023) |
| 02/03/2023 | 4 | ATTORNEY Appearance for Defendant Amazon.Com Services, LLC. by Sari M. Alamuddin (Alamuddin, Sari) (Entered: 02/03/2023) |

| | | | |
|---|---|---|---|
| 02/03/2023 | 5 | ATTORNEY Appearance for Defendant Amazon.Com Services, LLC. by Alexandra Giselle Belzley (Belzley, Alexandra) (Entered: 02/03/2023) | |
| 02/03/2023 | 6 | ATTORNEY Appearance for Defendant Amazon.Com Services, LLC. by Kevin Francis Gaffney (Gaffney, Kevin) (Entered: 02/03/2023) | |
| 02/06/2023 | 7 | MAILED Rule 77d Letter to counsel of record. (gcy, ) (Entered: 02/06/2023) | |
| 02/06/2023 | 8 | ATTORNEY Appearance for Plaintiff Lisa Johnson by Douglas M. Werman (Werman, Douglas) (Entered: 02/06/2023) | |
| 02/06/2023 | 9 | ATTORNEY Appearance for Plaintiff Lisa Johnson by Maureen Ann Salas (Salas, Maureen) (Entered: 02/06/2023) | |
| 02/06/2023 | | CASE ASSIGNED to the Honorable Thomas M. Durkin. Designated as Magistrate Judge the Honorable Jeffrey I Cummings. Case assignment: Random assignment. (jb, ) (Entered: 02/06/2023) | |
| 02/06/2023 | 10 | MINUTE entry before the Honorable Thomas M. Durkin: By 2/27/2023, the parties are to file a joint status report. The parties may refer to the format detailed on the Court's website under New and Reassigned cases. Mailed notice. (ecw, ) (Entered: 02/06/2023) | |
| 02/06/2023 | 11 | ATTORNEY Appearance for Plaintiff Lisa Johnson by Donny J. Foty (Foty, Donny) (Entered: 02/06/2023) | |
| 02/08/2023 | 12 | MOTION by Defendant Amazon.Com Services, LLC. for extension of time to file answer *or Otherwise Respond to the Amended Complaint (AGREED MOTION)* (Belzley, Alexandra) (Entered: 02/08/2023) | |
| 02/08/2023 | 13 | MINUTE entry before the Honorable Thomas M. Durkin: Agreed motion for extension of time to answer 12 is granted. Amazon is to answer or otherwise respond to Plaintiff's First Amended Complaint by 2/17/2023. Mailed notice. (ecw, ) (Entered: 02/08/2023) | |
| 02/15/2023 | 14 | MOTION by Plaintiff Lisa Johnson for leave to file *a Second Amended Complaint, Setting a Responsive Pleading Deadline, and a Briefing Schedule (AGREED)* (Werman, Douglas) (Entered: 02/15/2023) | |
| 02/15/2023 | 15 | MINUTE entry before the Honorable Thomas M. Durkin: Agreed motion for leave to file a second amended complaint, setting a responsive pleading deadline, and a briefing schedule 14 is granted. Plaintiff is to file her Second Amended Complaint on or before 2/28/2023. Amazon is to file its responsive pleading or Rule 12 motion on or before 3/21/2023. In the event Amazon files a Rule 12 motion, Plaintiff is to file her response to the motion on or before 4/11/2023, and Amazon is to file its reply in support of the motion on or before 4/28/2023. The 2/27/2023 joint status report deadline is extended to 3/14/2023. Mailed notice. (ecw, ) (Entered: 02/15/2023) | |
| 02/28/2023 | 16 | *Second* AMENDED complaint by Lisa Johnson, Gale Miller Anderson against All Defendants *with Jury Demand* (Attachments: # 1 Exhibit Consent Form for Lisa Johnson, # 2 Exhibit Consent Form for Gale Miller Anderson)(Foty, Donny) (Entered: 02/28/2023) | |
| 03/09/2023 | 17 | MOTION by Defendant Amazon.Com Services, LLC. for leave to file excess pages *JOINT Motion* (Belzley, Alexandra) (Entered: 03/09/2023) | |

| | | | |
|---|---|---|---|
| 03/10/2023 | 18 | MINUTE entry before the Honorable Thomas M. Durkin: Joint motion for leave to file excess pages 17 is granted. Mailed notice. (ecw, ) (Entered: 03/10/2023) | |
| 03/14/2023 | 19 | STATUS Report *(New Case Joint Status Report)* by Lisa Johnson, Gale Miller Anderson (Salas, Maureen) (Entered: 03/14/2023) | |
| 03/14/2023 | 20 | MINUTE entry before the Honorable Thomas M. Durkin: Discovery is stayed by agreement of the parties. The briefing schedule set forth in Minute Entry 15 on Amazon's motion to dismiss stands. A telephone status hearing is set for 6/20/2023 at 9:00 a.m. To join the telephone conference, dial 877-402-9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ecw, ) (Entered: 03/14/2023) | |
| 03/21/2023 | 21 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Amazon.Com Services, LLC. (Belzley, Alexandra) (Entered: 03/21/2023) | |
| 03/21/2023 | 22 | MEMORANDUM of Law by Defendant Amazon.Com Services, LLC's In Support of Its Motion to Dismiss the Second Amended Complaint (Belzley, Alexandra) Modified on 3/22/2023 (ecw, ). (Entered: 03/21/2023) | |
| 03/22/2023 | 🔒 | (Court only) ***Motions terminated: Defendant Amazon.Com Services, LLC's Memorandum of Law In Support of Its Motion to Dismiss the Second Amended Complaint 22 (ecw, ) (Entered: 03/22/2023) | |
| 04/05/2023 | 23 | MOTION by Plaintiffs Lisa Johnson, Gale Miller Anderson for leave to file excess pages *(Plaintiffs' Unopposed Motion for Extension of Page Limitations for Their Response to Defendant's Motion to Dismiss the Second Amended Complaint)* (Werman, Douglas) (Entered: 04/05/2023) | |
| 04/06/2023 | 24 | MINUTE entry before the Honorable Thomas M. Durkin: Unopposed motion for leave to file excess pages 23 is granted. Mailed notice. (ecw, ) (Entered: 04/06/2023) | |
| 04/11/2023 | 25 | RESPONSE by Lisa Johnson, Gale Miller Andersonin Opposition to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Amazon.Com Services, LLC. 21 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Werman, Douglas) (Entered: 04/11/2023) | |
| 04/21/2023 | 26 | MOTION by Defendant Amazon.Com Services, LLC. for leave to file excess pages *unopposed* (Belzley, Alexandra) (Entered: 04/21/2023) | |
| 04/21/2023 | 27 | MINUTE entry before the Honorable Thomas M. Durkin: Unopposed motion for leave to file excess pages 26 is granted. Mailed notice. (ecw, ) (Entered: 04/21/2023) | |
| 04/28/2023 | 28 | REPLY by Defendant Amazon.Com Services, LLC. to Motion to Dismiss for Failure to State a Claim 21 (Gaffney, Kevin) (Entered: 04/28/2023) | |

| | | | |
|---|---|---|---|
| 05/01/2023 | | 29 | MINUTE entry before the Honorable Thomas M. Durkin: The telephone status hearing set for 6/20/2023 is reset for 6/22/2023 at 9:00 a.m. The dial-in information will remain the same. Mailed notice. (ecw, ) (Entered: 05/01/2023) |
| 06/20/2023 | | 30 | MINUTE entry before the Honorable Thomas M. Durkin: The telephone status hearing set for 6/22/2023 is reset for 10/20/2023 at 9:00 a.m. To join the telephone conference, dial 877-402-9757, Access Code 4410831. Throughout the hearing, each speaker will be expected to identify themselves for the record before speaking. Counsel must be in a quiet area while on the line. Please be sure to keep your phone on mute when you are not speaking. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (ecw, ) (Entered: 06/20/2023) |
| 10/18/2023 | | 31 | MINUTE entry before the Honorable Thomas M. Durkin: The telephone status hearing set for 10/20/2023 is stricken and reset to 12/7/2023 at 9:00 a.m. To join the telephone conference, dial 877-402-9757, Access Code 4410831. Throughout the hearing, each speaker will be expected to identify themselves for the record before speaking. Counsel must be in a quiet area while on the line. Please be sure to keep your phone on mute when you are not speaking. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (kp, ) (Entered: 10/18/2023) |
| 12/06/2023 | | 32 | MINUTE entry before the Honorable Thomas M. Durkin: The telephone status hearing set for 12/7/2023 is stricken. The Court will enter a written order on the motion to dismiss 21 shortly. Mailed notice. (ecw, ) (Entered: 12/06/2023) |
| 12/07/2023 | | 33 | MEMORANDUM Opinion and Order: For the reasons stated in the attached order, Amazon's motion to dismiss 21 is granted. Plaintiffs' claims are dismissed without prejudice to filing an amended complaint by 1/11/2024. If Plaintiffs fail to file an amended complaint by 1/11/2024, the dismissal with be with prejudice. If Plaintiffs decided not to file an amended complaint, they should inform the Court by email to the Courtroom Deputy as soon as possible so judgment can be entered and the case closed. Signed by the Honorable Thomas M. Durkin on 12/7/2023. Mailed notice. (ecw, ) (Entered: 12/07/2023) |
| 12/28/2023 | | 34 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change |

| | | | |
|---|---|---|---|
| | | | in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/28/2023: Mailed notice. (tg, ) (Entered: 12/28/2023) |
| 01/04/2024 | | 35 | MINUTE entry before the Honorable Thomas M. Durkin: Plaintiff's counsel reported that they do not intend to file an amended complaint. Case is dismissed with prejudice. Civil case terminated. Mailed notice. (ecw, ) (Entered: 01/04/2024) |
| 01/04/2024 | | 36 | ENTERED JUDGMENT on 1/4/2024. Mailed notice. (ecw, ) (Entered: 01/04/2024) |
| 01/05/2024 | | 37 | NOTICE of appeal by Lisa Johnson, Gale Miller Anderson regarding orders 33 , 36 Filing fee $ 605, receipt number AILNDC-21492246. Receipt number: n (Salas, Maureen) (Entered: 01/05/2024) |
| 01/05/2024 | | 38 | DOCKETING Statement by Lisa Johnson, Gale Miller Anderson regarding notice of appeal 37 (Salas, Maureen) (Entered: 01/05/2024) |
| 01/08/2024 | | 39 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 37 . (ph, ) (Entered: 01/08/2024) |