**Michael E. Kenneally**
Partner
+1.202.739.5893
michael.kenneally@morganlewis.com

March 26, 2025

**VIA ECF**

Christopher G. Conway
Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

Re: *Johnson v. Amazon.com Services LLC*, No. 24-1028
Response to Citation of Supplemental Authority Under Rule 28(j)

Dear Mr. Conway:

Plaintiffs-Appellants' citation of *Del Rio v. Amazon.com.dedc, LLC*, — F.4th —, 2025 WL 826426 (2d Cir. Mar. 17, 2025), actually undermines their arguments. Yes, the Second Circuit resorted to the "exceptional procedure" of certifying questions related to whether Connecticut wage law incorporates the federal Portal-to-Portal Act exclusions. *Id.* at *3. But it did so because Connecticut law "is so uncertain that we can make no reasonable prediction" on how the state would decide the issue. *Id.* No such uncertainty exists in Illinois. *See* Def. Br. 12-25.

Start with the contrasting regulations. In each state, a provision defines compensable "hours worked." In Connecticut, "no part of the provision indicates that 'hours worked' is to be interpreted in the context of the FLSA, as amended by the PTPA." *Id.* at *4. But here, the opposite is true. The IMWL regulations instruct that the FLSA, as amended, is to be used "[f]or guidance in the interpretation of the Act and this Part." Ill. Admin.

Code tit. 56, § 210.120. "[T]his Part" refers to Part 210, which includes the Illinois "hours worked" definition. Ill. Admin. Code tit. 56, § 210.110.

The caselaw in each jurisdiction is similarly contrasting. Connecticut appellate decisions inconsistently "look to federal law in some circumstances but not others." *Del Rio*, 2025 WL 826426, at *5. But in Illinois, a long and unbroken line of appellate decisions interpret the IMWL in harmony with the FLSA when the IMWL does not specifically address an issue. *See* Def. Br. 13-16. Most recently, the Illinois Supreme Court confirmed the presumption of harmony between the statutes, absent an express indication that the IMWL intended "to have a different meaning." *Mercado v. S&C Elec. Co.*, — N.E.3d —, 2025 WL 285291, at *8 (Ill. 2025). This explains why there are eleven different decisions applying the federal Portal-to-Portal exclusions to IMWL claims, and none rejecting that approach. *See* Def. Br. 19-20.

*Del Rio* thus confirms that certification here would be unnecessary and inappropriate because Illinois is not "so uncertain" on the proposed question. 2025 WL 826426, at *3. The Court should affirm the district court.

                                                               Respectfully submitted,

                                                               <u>/s/ Michael E. Kenneally</u>
                                                               MICHAEL E. KENNEALLY

                                                               Counsel for Defendant-Appellee
                                                               Amazon.com Services LLC

cc: All Counsel of Record (via ECF)